**DIXIE STEVEDORES, INC.,**
**Plaintiff-Appellee,**

v.

**MARINIC MARITIME, LTD.,**
**Defendant-Appellant.**

No. 85–8487
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1985.

---

Fred S. Clark, Savannah, Ga., for defendant-appellant.

William T. Daniel, Jr., Savannah, Ga., for plaintiff-appellee.

Before RONEY, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

In this admiralty action, the appellee, Dixie Stevedores, Inc. (Dixie) brought suit seeking damages against numerous parties arising out of a stevedoring contract for the loading of cargo. The district court entered judgment for Dixie. We affirm.

This dispute arose because Dixie estimated the cost of loading certain cargo upon a vessel to be $20,000, but experienced costs of $40,297.71 when the parties discovered that because of the vessel's construction, the cargo could not be mechanically loaded as the parties had assumed. Marinic Maritime, ltd., (Marinic) chartered the vessel, the M/V Sarine, and gave control of the vessel to Captain Mazarakis. The dispute centers on whether Captain Mazarakis authorized the hand stowage of the cargo, and if so, whether he was acting as agent for Marinic or for some other party.

The district court entered summary judgment for Dixie and against Marinic by finding that the assertion that Captain Mazarakis authorized the stowage by hand was unrefuted. In so ruling, the court stated:

Captain Mazarakis attests that he was acting on instructions from Mid Gulf. Mazarakis Affidavit at 1. However, he does not explain what actions he took. He does not, for example, admit or deny that he ordered the hand stowage. In that regard, the affidavit and deposition testimony of E.M. Heinlein, showing that Captain Mazarakis ordered the hand stowage, is unrefuted. In addition, although defendant in its opposition brief states that "Mid Gulf Corporation directed that the loading continue with hand-stowing of the cargo [,]" it fails to specifically deny plaintiff's Statement of Material Facts at ¶ 5, which specifies that the captain ordered the hand stowage. *See* Local Rule 6.6 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement *required* to be served by the opposing party.") (emphasis added). In fact, in its opposition brief at 3, defendant appears to acknowledge that the captain ordered the hand stowage and only contests whether he was acting on behalf of Mid Gulf or Marinic.

Since defendant has failed to respond with at least a negative factual assertion, plaintiff, for the purposes of the instant motion, has shown that Mazarakis ordered the hand stowage. [Footnotes omitted].

The district court, relying on the charter agreement, then directed the clerk to enter a judgment against Marinic for $20,297.71, plus interest. In awarding summary judgment, the district court relied on its local rule 6.6. The application of that local rule in light of the Federal Rules of Civil Procedure and applicable case law presents the issue that we must determine.

Federal Rule of Civil Procedure 56(c) provides:

Motion and Proceedings Thereon. The motion [summary judgment] shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Federal Rule of Civil Procedure 83 provides: [1]

Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with

these rules. Copies of rules and amendment so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.

Local rule 6.6 for the Southern District of Georgia provides:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion, a separate, short and concise statement of the material facts as to which it is contended there exists no genuine issue to be tried as well as any conclusions of law thereof. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement *required* to be served by the opposing party. [Emphasis added.]

In effect, local rule 6.6 provides that facts asserted by the moving party shall be taken as true, unless the non-moving party files affidavits or otherwise presents factual material which presents a factual dispute to be determined by the court. In other words, if the non-moving party fails to make a factual dispute, one interpretation of the rule is that entry of summary judgment is appropriate.

The appellant makes three contentions (1) a factual dispute is presented, (2) the local rule assuming summary judgment to be appropriate where no factual dispute is created by the non-moving party has been

---

**1.** Rule 83 has recently been amended, but the amendment is not germane to the issue posed here, except that it makes the problem presented less likely. The amended rule 83 provides:

Each district court by action of a majority of the judges thereof may from time to time, after giving appropriate public notice and an opportunity to comment, make and amend rules governing its practice not inconsistent with these rules. A local rule so adopted shall take effect upon the date specified by the district court and shall remain in effect unless

amended by the district court or abrogated by the judicial council of the circuit in which the district is located. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public. In all cases not provided for by rule, the district judges and magistrates may regulate their practice in any manner not inconsistent with these rules or those of the district in which they act.

condemned by our cases, and (3) the district court erred in ruling as a matter of law that Captain Mazarakis was the authorized agent of Marinic.

We begin our analysis with *John v. State of Louisiana*, 757 F.2d 698 (5th Cir.1985). In *John*, the Fifth Circuit Court of Appeals reversed the lower court's grant of summary judgment holding that a local rule could not authorize summary judgment on a record that would not otherwise support it. Summary judgment, the Fifth Circuit stated, is not appropriate simply because the non-moving party fails to respond to the motion. Summary judgment is only appropriate where the moving party carries the burden of demonstrating an absence of material questions of fact. Under rule 56, violation of a local rule does not result in a summary judgment based upon the failure of the non-moving party to respond.

The Fifth Circuit has also held in *Environmental Defense Fund v. Marsh*, 651 F.2d 983 (5th Cir.1981), that a non-moving party is not required to respond to a motion for summary judgment until the moving party has supported the motion with sufficient proof. We agree with the reasoning of the Fifth Circuit.

Nevertheless, we assume that the district court read and applied local rule 6.6 with precedent of our predecessor circuit in mind. The district court's order indicates that the district court not only believed that summary judgment was proper because the non-moving party had failed to respond and create a factual dispute, but also because the moving party had properly established the absence of a material fact.

■ We hold that mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party. Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact. No genuine issues of fact exist in this case.

■ We also agree with the district court that Dixie could rely on traditional maritime principles wherein a lien arises against the vessel and in personam liability against the charterer after services are performed without notice that some other party will be liable. *Belcher Company of Alabama, Inc. v. M/V Maratha Mariner*, 724 F.2d 1161 (5th Cir.1984).

AFFIRMED.