**Paul M. BOUCHARD, Plaintiff,**

**v.**

**Martin A. MAGNUSSON, et al., Defendants.**

**Civ. No. 88–0266–P.**

United States District Court, D. Maine.

July 6, 1989.

Paul M. Bouchard, Thomaston, Me., pro se.

Terrance J. Brennan, Asst. Atty. Gen., Augusta, Me., for defendants.

GENE CARTER, District Judge.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On September 22, 1988, Plaintiff Paul Bouchard, an inmate in the Maine State Prison in Thomaston, Maine (the "Prison"), filed a complaint under the Civil Rights Act, 42 U.S.C. section 1983, alleging a violation of his constitutional rights. Upon receipt of a transcript of Plaintiff's account balance at the Prison over the preceding six months as well as a sworn statement explaining all withdrawals, on October 18, 1988 the Court granted Plaintiff's application to proceed *in forma pauperis*. Plaintiff, acting *pro se*, has in effect claimed that he has received medical attention that is so inadequate as to constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Now before the Court is Defendants' motion for summary judgment, filed with the Court on June 2, 1989.

## I. FACTUAL BACKGROUND

Along with their motion for summary judgment, Defendants have submitted a Statement of Material Facts complete with appropriate record citations as required by Local Rule 19(b). These facts are summarized as follows.

Plaintiff arrived at the Prison hospital by stretcher on November 11, 1987, complaining of back pain resulting from a fall. Hospital medical personnel prescribed bed rest, hot compresses and medication. Two days later, Plaintiff's medication was adjusted in response to his complaint of vertigo. On November 18, 1987, in response to complaints of pain by Plaintiff in two separate visits, the medical staff prescribed medication and told Plaintiff to avoid heavy lifting for a week.

On November 25, 1987, Plaintiff complained of back pain. Medication was ordered, and an appointment set for X-rays. The X-rays, taken on December 1, 1987, revealed no damage or abnormality. One week later, on December 8, 1987, Plaintiff requested to see another doctor. This request was denied.

On February 2, 1988, medication and a bed board were prescribed for Plaintiff's back pain. On March 23, 1988, Plaintiff complained of lower back pain while having a bowel movement. A laxative was prescribed, and Plaintiff was told he would see an outside doctor if pain persisted. The following day, in response to Plaintiff's complaint of pain, X-rays and a "barium swallow" were ordered. These tests, administered on April 12, 1988, proved negative.

On April 22, 1988, Plaintiff complained of lower back pain. The staff ordered a "doughnut" for Plaintiff to sit on, and additional X-rays were ordered. The X-rays, taken on April 27, 1988, proved negative. On May 11, in response to Plaintiff's complaint of pain, medication was prescribed. More medication was prescribed on August 29, 1988.

Plaintiff was referred to Dr. Robert Furman on September 2, 1988. Dr. Furman ordered new X-rays and found "no sign of any specific damage to the SI joint and his innervertebral disc spaces are all well preserved." Dr. Furman prescribed medication and rehabilitative exercise. On September 27, October 4, 6, and 19, 1988, Plaintiff underwent a program of treatment and exercise at Downeast Rehabilitation. On October 20, 1988, after seeing Plaintiff, Dr. Furman reported that Plaintiff was doing better.

On November 16, 1988, Dr. Furman administered medication to the Plaintiff by injection. Plaintiff saw Dr. Furman again on January 9, 1989. On January 18, and again on January 30, Hospital medical staff saw Plaintiff and reviewed his treatment in consultation with a Dr. Lawry. On February 1, 1989, Prison hospital medical staff saw Plaintiff and contacted Dr. Furman. Dr. Furman responded, in effect, that there was nothing more he could do for Plaintiff. On Dr. Furman's recommendation, the hospital medical staff ordered a sacral support belt for Plaintiff. On March 7, 1989, Plaintiff's medication was adjusted. On March 15, 1989, Plaintiff demanded to see Dr.

Furman again, and refused to see anyone else. This request was presumably denied.

## II. ISSUES OF LAW

Plaintiff's *pro se* complaint is filed on a standardized form with the heading, "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, with Jurisdiction Under 28 U.S.C. § 1343." Beyond this heading, Plaintiff's complaint does not specify the nature of the claim for which he seeks relief. However, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), requires this Court to construe Plaintiff's *pro se* complaint broadly. Based on the materials submitted relating to this complaint, the Court construes Plaintiff's claim to be that Defendants' alleged failure to provide him with adequate medical care for his back pain constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

On June 2, 1989, Defendant filed the motion for summary judgment which is now before the Court. Plaintiff, however, did not respond to Defendant's summary judgment motion within the ten-day period prescribed by Local Rule 19(c), and, indeed, has not yet responded at all. Local Rule 19(c) provides, in pertinent part, that "[u]nless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection." Under Local Rule 19(c), the Court may deem a plaintiff to have waived objection to any motion to which objection has not been formally made, and thus grant the motion.

■ However, where, as here, the unopposed motion is one for summary judgment, the Court may not grant the motion on the basis of consent. In *McDermott v. Lehman*, 594 F.Supp. 1315, 1321 (D.Me. 1984), the Court determined that, with respect to summary judgment motions, an opposing party who fails to object within ten days is to be deemed to have waived his right to controvert facts asserted by the moving party. The Court must accept as true all material facts, supported by appropriate record citations, set forth by the movant. *Id.* Summary judgment will be granted if, upon the Court's consideration of the pertinent papers, those facts entitle the moving party to judgment as a matter of law. *Id.*

■ Thus, the practical consequence of Plaintiff's failure to respond to Defendant's motion for summary judgment is that the Court accepts as true all material facts set forth by Defendant that are supported in the record by materials of evidentiary quality. The Court is mindful of the latitude given to *pro se* plaintiffs in matters of pleading. *See Estelle v. Gamble*, 429 U.S. at 106, 97 S.Ct. at 292; *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed. 2d 1030 (1964). Plaintiff's *pro se* status, however, does not excuse him from failure to comply with the procedures established in this Court. Accordingly, the Court now considers the motion for summary judgment before it, in light of the facts as presented by Defendant.

■ In order to state a cause of action under the Eighth Amendment for improper medical treatment constituting cruel and unusual punishment, Plaintiff must show a "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. at 291. On Defendant's record submitted for purposes of this motion, the Court finds no reason to quarrel with the characterization of Plaintiff's medical needs as serious. There is, however, no basis on this record for this Court to find or infer deliberate indifference to those needs.

This is not a case where Plaintiff has requested, and has been denied, any treatment whatsoever for his ailment. Rather, Plaintiff's complaint, as this Court construes it, claims that the treatment that the prison has afforded him was insufficient. Plaintiff received medical attention the day he was injured, and was seen four more times in the following two weeks. He received X-rays on three different occasions. Prison medical staff responded to his complaints of pain by administering and altering his medication, providing a bed board, doughnut cushion, and lower back support

pad. Plaintiff was seen by an outside specialist on several occasions, and the Prison hospital staff consulted with another outside doctor on one other occasion. There are no objective signs that Plaintiff has a herniated disc or any other discrete abnormality.

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Layne v. Vinzant*, 657 F.2d 468, 474 (1st Cir.1981), *citing Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). The record here discloses no insufficiency in the delivery of medical treatment. At most, it shows merely that Plaintiff has not yet achieved a recovery in spite of treatment. There may be a sufficient medical explanation for that fact. Even if there is not, there is no legally sufficient showing that Plaintiff has received bad medical care.[1]

■ Nor may Plaintiff claim that the Prison's refusal to let him see a different specialist, or later, to return to Dr. Furman, constitutes cruel and unusual punishment. The right to be free from cruel and unusual punishment does not include the right to treatment of one's choice. *Layne v. Vinzant*, 657 F.2d at 473, *citing Ferranti v. Moran*, 618 F.2d 888, 890–91 (1st Cir.1980). The Court concludes that, on the present record, there is no genuine issue of material fact and that the record shows that Plaintiff has suffered no cruel and unusual punishment by reason of constitutionally insufficient medical treatment.

### III. ORDER

Accordingly, it is *ORDERED* that summary judgment be, and it is hereby, *GRANTED* in favor of Defendants.

---

1. Even if the medical treatment Plaintiff received at the Prison could be said to present a colorable claim of negligence or malpractice, which the Court in no way suggests, these facts do not portray the level of deliberate indifference required for Plaintiff to successfully state a claim for cruel and unusual punishment. *See Ferrante v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980), *citing Estelle v. Gamble*, 429 U.S. at 105–06, 97 S.Ct. at 291–92.