**Robert W. KINDER, Plaintiff,**

v.

**Ray CARSON, et al., Defendants.**

**No. 89–6226–Civ.**

United States District Court, S.D. Florida, Miami Division.

Sept. 20, 1989.

Arthur M. Wolff, Wolff & Gora, P.A., Fort Lauderdale, Fla., for plaintiff Kinder.

Alexander Cocalis, Chief Trial Counsel, County Atty.'s Office, Broward County, Fort Lauderdale, Fla., for defendant Broward County.

## ORDER

NESBITT, District Judge.

This cause is before the Court upon the filing of a report and recommendation by United States Magistrate Linnea R. Johnson.

Plaintiff Robert R. Kinder left his job as a traffic engineering supervisor for Defendant Broward County after 14 years of employment.[1] Plaintiff was subsequently awarded unemployment compensation benefits by a referee. Thereafter, Plaintiff filed the instant lawsuit under 42 U.S.C. §§ 1983 and 1988, alleging a deprivation of property and a violation of his freedom of speech. Defendant has counterclaimed for conversion and civil theft stemming from the alleged misuse of government time and property.

Plaintiff has filed two motions for summary judgment: (1) partial summary judgment against Defendant on the issue of liability; and (2) summary judgment against Defendant on its counterclaims. In her report and recommendation, the Magistrate recommended that Plaintiff's motion for partial summary judgment on the issue of liability be denied, and that Plaintiff's motion for summary judgment on Defendant's counterclaims be granted by default.

■ The Court agrees that Plaintiff's motion for partial summary judgment on the issue of liability must be denied, and it adopts the reasoning of the Magistrate with respect to that motion. However, the Court disagrees with the Magistrate's recommendation that the Court grant Plaintiff's motion for summary judgment on Defendant's counterclaims by default, because summary judgment may not be granted by default.

The Magistrate based her recommendation on Defendant's failure to comply with Local Rule 10(C) of the Southern District of Florida. Local Rule 10(C) provides that:

Each party opposing a motion shall serve and file an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. *Failure to do so may be deemed sufficient cause for granting the motion by default* (emphasis added).

*See also* Local Rule 10(J)(1) (non-moving party shall serve opposing papers to summary judgment motion within 10 days after service of the motion). Because Defendant failed to submit a memorandum of law in opposition to Plaintiff's motion for summary judgment on Defendant's counterclaims,

---

**1.** The parties, not surprisingly, characterize Plaintiff's departure differently. Plaintiff contends that he was constructively terminated, while Defendant asserts that Plaintiff voluntarily resigned.

the Magistrate recommended that Plaintiff's motion be granted by default. The Court cannot accept this conclusion.

Rule 83 of the Federal Rules of Civil Procedure authorizes the use of local rules only when they are consistent with the Federal Rules. Local Rule 10(C) is valid to the extent it prescribes a certain number of days (specifically, ten) within which to file a memorandum of law in opposition to a motion. *See Clinkscales v. Chevron USA, Inc.,* 831 F.2d 1565, 1568 (11th Cir.1987). However, Local Rule 10(C) is inconsistent with Federal Rule of Civil Procedure 56 because it allows a court to grant a summary judgment motion by default.

■ Rule 56(e) expressly states that "[i]f the adverse party [i.e., non-movant] does not so respond [to a summary judgment motion], summary judgment, *if appropriate,* shall be entered against the adverse party." (emphasis added). The clear implication, then, is that summary judgment may not be appropriate even if a non-movant fails to file an opposing memorandum. Therefore, the record *must* support summary judgment as a matter of law, irrespective of whether the non-movant has filed an opposing memorandum. *See Jaroma v. Massey,* 873 F.2d 17, 21 (1st Cir. 1989). *See also John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir.1985) (summary judgment by default improper because "it authorizes the entry of summary judgment on a record containing unresolved questions of material fact [which] alters the scheme of shifting burdens inherent in Rule 56").[2]

Those courts which have addressed the question have uniformly concluded that a district court may not grant summary judgment by default. *See, e.g., Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir.1989) ("district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact"); *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir.1985) ("where the motion at issue is for summary judgment, imposition of the ultimate sanction of automatically granting the motion upon failure to comply with the local rule is wholly inconsistent with Rule 56"). *See also Hibernia National Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985) ("[a] motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule.") (citing *John v. Louisiana, supra* ).

The Eleventh Circuit has suggested that summary judgment by default is a precarious measure. In *Dunlap v. Transamerica Occidental Life Insurance Co.,* 858 F.2d 629 (11th Cir.1988), the district court had granted summary judgment in favor of the defendant, and the plaintiff argued that the court had considered the motion unopposed pursuant to a local rule and had thus failed to consider the merits of the motion. The Eleventh Circuit rejected this contention, finding that the district court had reached the merits of the motion. The Eleventh Circuit then observed:

> Had the district court based its entry of summary judgment solely on [the local rule], a different question would be presented. [The local rule] might well be inconsistent with Fed.R.Civ.P. 56 if it were construed to mean that summary judgment could be granted as a sanction for failure to respond to a motion for summary judgment.

858 F.2d at 632. *See also Dixie Stevedores v. Marinic Maritime, Ltd.,* 778 F.2d 670, 673 (11th Cir.1985) ("[u]nder rule 56, violation of a local rule does not result in a summary judgment based upon the failure of the non-moving party to respond.")[3]

---

2. *See also Bouchard v. Magnusson,* 715 F.Supp. 1146, 1148 (D.Me.1989) ("the practical consequence of Plaintiff's failure to respond to Defendant's motion for summary judgment is that the Court accepts as true all material facts set forth by Defendant that are *supported in the record* by

materials of evidentiary qualify") (emphasis added).

3. *Cf. Blois v. Friday,* 612 F.2d 938 (5th Cir.1980) (reversing district court for refusing to vacate final entry of default summary judgment).

The Court's conclusion that Local Rule 10(C) impermissibly clashes with Rule 56 is consistent with the Eleventh Circuit's practice of affording generous safeguards to litigants whenever a summary judgment motion is filed. For example, this Circuit has fashioned a bright-line rule which requires that a district court provide 10–day notice to a non-moving party that a summary judgment motion is ripe for determination. *United States v. One Colt Python .357 Cal. Revolver*, 845 F.2d 287 (11th Cir.1988). *Cf. Washington v. Office of the Comptroller of the Currency*, 856 F.2d 1507, 1510 (11th Cir.1988) (district court, absent special circumstances, must give all parties 10–day notice if it decides to convert 12(b)(6) motion into one for summary judgment); *Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir.1983) (district court may not *sua sponte* dismiss a complaint on merits without giving plaintiff notice and an opportunity to respond).[4] Therefore, the granting of summary judgment by default is a disfavored sanction which, in this Court's view, is plainly inconsistent with Rule 56.

Accordingly, because the Magistrate recommended granting Plaintiff's motion for summary judgment by default without reviewing the record to ascertain whether any genuine issues of material fact existed, the motion is referred back to the Magistrate. The Magistrate may, in her discretion, allow Defendant to file an opposing memorandum late. In any event, the Mag-istrate must independently review the record to determine whether Defendant has met its burden of producing evidence of the elements of its counterclaims, which are civil theft and conversion. *See Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (non-movant must produce probative evidence establishing the existence of elements essential to its case, and on which that party bears the burden of proof at trial).

In light of the foregoing, it is therefore

ORDERED and ADJUDGED that the Court:

(1) ADOPTS and RATIFIES that portion of the Magistrate's report and recommendation with respect to Plaintiff's motion for partial summary judgment on the issue of liability, and

(2) DECLINES to ADOPT that portion of the Magistrate's report and recommendation concerning Plaintiff's motion for summary judgment on Defendant's counterclaim, and

(3) REFERS this matter to the Magistrate for resolution consistent with this Order.

DONE and ORDERED.

---

4. The United States Supreme Court, in *Neitzke v. Williams*, —— U.S. ——, 109 S.Ct. 1827, 1834, n. 8, 104 L.Ed.2d 338 (1989), expressly declined to decide whether a district court possesses the ability to *sua sponte* dismiss a complaint under Rule 12(b)(6).