Amaad Rashad JONES, Plaintiff,

v.

Sadhana PANDEY, et. al., Defendants.

No. 1:04–CV–99 (WLS).

United States District Court, M.D. Georgia, Albany Division.

July 14, 2005.

James Norman Finkelstein, Albany, GA, Plaintiff.

John Custer Jones, Phillip E. Friduss, Atlanta, GA, Charla A. Hall, Patrick T. O'Connor, Savannah, GA, Charles Nathan Davis, Albany, GA, W. Brent Hyde, Tifton, GA, for Defendants.

## ORDER

SANDS, Chief Judge.

Presently pending is Defendant William Berry's motion for summary judgment. (Tab 20). Plaintiff filed a motion to continue the ruling upon the motion until after discovery is completed. (Tab 36). The Court has denied said motion. (Tab 38). For the following reasons, Defendant Berry's motion for summary judgement (Tab 20) is **GRANTED**.

## BACKGROUND

On or about November 1, 2003, Officer Steven Enfinger,[1] along with Deputy William Nichols, was in the area of a local night club called "Extreme." Enfinger and Nichols, at the time, were members of the Albany/Dougherty County Drug Unit. At the time, Major William Berry was the commander of the drug unit. Berry was not on patrol with Enfinger and Nichols and was not present when the events occurred that form the basis of this suit.

While patrolling the parking lot of the club, Enfinger and Nichols noticed several individuals standing around some vehicles. When the officers got out of their car, they noticed the smell of marijuana smoke. As the individuals began to get into their cars,

Enfinger called out to the individuals. While other officers questioned the individuals, Enfinger walked over to one of the cars and noticed what appeared to be a plastic bag containing marijuana near the ashtray. According to Enfinger, the suspected marijuana was in "plain view." Enfinger seized the marijuana that was visible. Enfinger seized a total of four plastic bags containing marijuana.

By questioning the individuals at the scene, it was determined that Plaintiff Amaad Rashad Jones of the car containing the marijuana. Jones was arrested and charged with possession of marijuana with the intent to distribute. During the investigation at the scene, Enfinger observed suspected marijuana in another car and arrested the individual in that car. The second person arrested was a juvenile and charged with possession of marijuana.

The instant suit was filed on July 13, 2004. (Tab 1). Defendant Pandy, an Assistant District Attorney for Dougherty County, moved to dismiss and for sanctions under Fed.R.Civ.Pro. 11. (Tab 4). The complaint against Pandy was dismissed on January 27, 2005, and the motion for Rule 11 sanctions was provisionally granted pending further briefing and a hearing. (Tab 15). Defendant Berry's motion for summary judgment was filed on February 15, 2005. (Tab 20). On April 12, 2005, a discovery/scheduling conference was held. The issue of the pending motion for summary judgment was raised and it was noted that Plaintiff had yet to file a response. The time for filing a response had expired and Plaintiff had not moved for an extension of time to respond. On June 6, 2005, as noted previously, Plaintiff filed a motion asking the Court to delay ruling on the motion for summary judgment until the completion of discovery. (Tab 36). It should be noted that the

---

1. Defendant Enfinger is misnamed in the complaint as Ken Enfinger.

motion did not contain a request for an extension of time to respond to the motion for summary judgment or for permission to file an out of time response to the motion. The motion to delay ruling on the motion for summary judgment was denied on June 20, 2005. (Tab 38). The Court also notes that Plaintiff is represented by an attorney.

### SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." *Fitzpatrick,* 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. *Fitzpatrick,* 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. *Id.* Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

As noted previously, Plaintiff has failed to respond to Defendant Berry's motion for summary judgment. In addition, Plaintiff has failed to file a statement of material facts which are in dispute. The Local Rules of the United States District Court for the Middle District of Georgia (hereinafter "local rules") require:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate. The response that a party has insufficient knowledge to admit or

deny is not an acceptable response unless the party has complied with the provisions of Rule 56(f) of the Federal Rules of Civil Procedure. Local Rules for the United States District Court for the Middle District of Georgia 56 (amended June 13, 2003) (emphasis added). Local Rule 56 provides further that "[s]tatements in the form of issues or legal conclusions (rather than material facts) will not be considered by the court." L.R. 56.

■■■ Most jurisdictions state uncatagorically that local rules operate with the force of substantive law. *Link v. Wabash Railroad Co.*, 291 F.2d 542 (7th Cir.1961). In addition, some jurisdictions allow the granting of default judgments for failure to respond to a motion for summary judgment. The Eleventh Circuit is more circumspect. The rule in this circuit is that local rules are binding on the parties, but the enforcement of the rule must be tempered with consideration of the circumstances. *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923 (11th Cir.1986). A local rule cannot eviscerate a statutory right or conflict with the federal rules. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1310–11 (11th Cir.2001). While not binding on this Court, a Florida district court rejected a magistrate's recommendation to enter a default judgment on a motion for summary judgment because the respondent failed to respond to the motion in violation of the local rule. *Kinder v. Carson*, 127 F.R.D. 543 (S.D.Fla.1989).

■■■ Likewise, in the Eleventh Circuit a district court cannot grant a motion for summary judgment based on default or as a sanction for failure to respond. The Eleventh Circuit has stated:

> We held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *Id.* at 1101. We

also held that in that context "[i]f a local rule purports to allow summary judgment to be granted by default, the rule is impermissible" because it would be inconsistent with the Federal Rules. *Id.* at 1102. The court noted that Fed. R.Civ.P. 56(e) provides that where " 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.' " *Id.* at 1101 (quoting Fed.R.Civ.P. 56(e))(emphasis in the original). The court then held that summary judgment would be appropriate "where the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)). After so holding, the court in *One Piece of Property* reviewed the summary judgment record, concluded that the record did reveal a genuine issue of material fact, and reversed the district court's grant of summary judgment.

*Trustees of Central Pension Fund of International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (1th Cir.2004). Thus, even if the Court was inclined by the local rule to accept Defendant's statement of facts as true without examining the record or to grant Defendant's motion because Plaintiff has failed to respond, it cannot do so. This Court must make an independent review of the record before deciding Defendant's motion.

### ANALYSIS

Plaintiff brings this action for wrongful arrest against Defendants pursuant to 42 U.S.C. § 1983 and state law. Defendant Berry argue that he is entitled to summary judgment on all of Plaintiff's claims

based on the defenses of qualified immunity, sovereign immunity and official immunity. Defendant Berry also argues that he is entitled to summary judgment based on the merits of Plaintiff's claims.

§ 1983 Claim

Defendant Berry argues that he is entitled to summary judgment on Plaintiff's federal § 1983 claim of unlawful arrest asserted against him in his individual capacities. As noted previously, Plaintiff has not responded.

In *Graham v. Connor,* the Supreme Court stated that when addressing § 1983 claims, the court must identify the specific constitutional right allegedly infringed and then judge the claim by reference to the specific constitutional standard which governs that right. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). All claims that law enforcement officials have used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen are properly characterized as invoking the protections of the Fourth Amendment. Plaintiff states that his unlawful arrest claim violates the Fourteenth Amendment. While true in the simplest sense, the claim must be analyzed under the Fourth Amendment's § 1983 jurisprudence. As far as can be ascertained, Plaintiff makes no other federal claims.

Recently, the Supreme Court in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), clarified the mode of analysis the court must use when addressing a qualified immunity issue. In *Saucier,* the Court held that the merits of the Fourth Amendment excessive force claim and the concern for the "objective reasonableness" of an officer for qualified immunity purposes were two distinct questions even after *Graham. Id.* at 204, 121 S.Ct. 2151.

■ First, the Court stated that a court required to rule upon the qualified immunity issue must first consider whether the facts as alleged, taken in a light most favorable to the party asserting the injury show the officer's conduct violated a constitutional right. *Id.* at 201, 121 S.Ct. 2151, *citing, Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). If no constitutional right would have been violated were the allegations established as true, there is no necessity for further inquiries concerning qualified immunity. *Id.* at 201, 121 S.Ct. 2151. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was "clearly established" because qualified immunity inquiries have a further dimension. This inquiry, the Court explained must be taken in light of the specific context of the case, not as a broad general proposition. *Id.*

■ The right the officials allegedly violated must be "clearly established" in a more particularized sense. The Supreme Court reasoned in *Saucier,* that it is sometimes difficult for an officer to determine how the relevant legal doctrines, a traffic stop, search and arrest case, will apply to the factual situation the officer confronts. *Id.* at 204, 121 S.Ct. 2151. The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id., See, Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). The defendant officer is entitled to summary judgment as a matter of law if the law would not have put the officer on notice that his conduct would be clearly unlawful. *Id.* at 203, 121 S.Ct. 2151.

■ In the Eleventh Circuit, for a right to be "clearly established" for purposes of qualified immunity, "the law must have earlier been developed in such a concrete

and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." *Jackson v. Sauls,* 206 F.3d 1156, 1164 (11th Cir.2000), *quoting, Lassiter v. Alabama A & M Univ. Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994). Specifically, in the Eleventh Circuit qualified immunity almost always protects the defendant unless case law, in factual terms has staked out a bright line. *Jackson,* 206 F.3d at 1165.

■ The first inquiry is whether the facts as alleged, taken in a light most favorable to the party asserting the injury show the officer's conduct violated a constitutional right. Plaintiff has a right to be free from unlawful arrest and seizure. While its clear that this right is implicated in Plaintiff's pleading, the question is whether Defendant's actions as alleged violated Plaintiff's right as identified.

First, Plaintiff has failed to plead, show or to provide any admissible evidence that Defendant participated in any of the alleged illegal activity. Likewise, Plaintiff has failed to show how Berry as commander of the drug unit has promulgated any rule or custom that led to any alleged illegal conduct. Without some evidence that Defendant participated in the alleged activity, there can be no liability against him in his individual capacity. The Court, upon review of the record, finds no genuine issue of material fact regarding any participation in the incident alleged on the part of Defendant Berry. Therefore, Berry's motion for summary judgment on the federal claim against him in his individual capacity (Tab 20) is **GRANTED.**[2]

Plaintiff also makes a claim against Berry in his official capacity. Plaintiff asserts that a custom, policy or procedure implement by Berry caused Plaintiff's alleged illegal arrest. *Monnell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff does not address the issue, except in his complaint. Even so, Plaintiff does not present any admissible evidence that Berry has implemented *any* customs, policies or procedures, much less any that led to the alleged illegal conduct. As there is no genuine issue of material fact on this issue, Defendant Berry's motion for summary judgment on Plaintiff's official capacity claim (Tab 20) is **GRANTED.**

*State Law Claims*

■ Plaintiff alleges numerous state law claims against Defendant Berry. Berry raises the defense of official immunity to all state law claims asserted against him.

■ State officers and municipal employees are entitled to official immunity from claims by citizens except when they perform ministerial duties negligently or when they act with actual malice in the performance of their official duties. *Gilbert v. Richardson,* 264 Ga. 744, 452 S.E.2d 476 (1994). Plaintiff does not allege that Berry performed his ministerial duties negligently. Absent evidence of malice, willfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. *White v. Traino,* 244 Ga.App. 208, 211, 535 S.E.2d 275 (2000). Actual malice means a deliberate intention to do wrong. *Id.* Plaintiff has provided no admissible evidence that Berry acted with actual malice or the intent to harm Plaintiff. As there is no genuine issue of material fact

---

2. Even though the complaint is ambiguous as to whether Plaintiff is pursuing an unlawful arrest, or a seizure without arguable probable cause, against Defendant Berry, there is no need to address the claim in detail because Berry did not participate in the actual seizure. Therefore, such a claim would fail without any reference to qualified immunity or other constitutional analysis.

as to the issues of malice or intent to harm Plaintiff, Defendant's motion for summary judgment on Plaintiff's state law claims (Tab 20) is **GRANTED**.

**SO ORDERED.**