[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11190
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22481-FAM

DESMOND N. OGWO,

Plaintiff-Appellant,

versus

MIAMI DADE COUNTY SCHOOL BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Desmond Ogwo, proceeding *pro se* on appeal, appeals the district court's grant of summary judgment in favor of the Miami Dade County School Board (the "School Board") in his lawsuit alleging disparate treatment on the basis of race, in violation of Title VII of the Civil Rights Act of 1964.[1]  On appeal, Ogwo, a black man and former Project Manager II ("PM II") at the Miami-Dade County Public Schools ("MDCPS"), argues that we should reverse the district court's grant of summary judgment for the School Board because there were genuine issues of material fact regarding whether the School Board's reason for terminating him pursuant to a reduction-in-force layoff while retaining an Hispanic PM II with less seniority was a pretext for racial discrimination.

We normally review a district court's grant of summary judgment *de novo*, viewing all evidence in a light most favorable to the non-moving party.  *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016).  Generally, we will not consider an issue that a party failed to raise in the district court.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Summary judgment may be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  *Id.* at 1332.  To survive a motion for summary judgment, there must be sufficient evidence to allow

---

[1] Although Ogwo also mentioned "disparate impact" at one point in his initial and amended complaints, the district court construed his suit to raise only an intentional race discrimination claim.  Because he does not challenge that construction on appeal, any claim in that respect is abandoned.  *See Thomas v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that, while we construe *pro se* briefs liberally, issues not briefed on appeal are abandoned).

a reasonable jury to conclude that the plaintiff is entitled to a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Id.*

The non-movant's failure to respond to a defendant's motion for summary judgment is not fatal; rather, the court must determine if the facts in the record illustrate that the movant is entitled to summary judgment. *See Dixie Stevendores, Inc. v. Marinic Maritime, Ltd.*, 778 F.2d 670, 673 (11th Cir. 1985) (holding that "a non-moving party is not required to respond to a motion for summary judgment until the moving party has supported the motion with sufficient proof"). Nevertheless, when the non-movant fails to properly address a party's factual assertions, the court may consider those facts undisputed and grant summary judgment if the facts in the record—including those considered undisputed—illustrate that the movant is entitled to judgment in its favor. Fed. R. Civ. P. 56(e).

Title VII provides that it is unlawful for an employer to discharge or otherwise change the terms and conditions of an individual's employment on the basis of race. 42 U.S.C. § 2000e-2(a)(1). In a single-motive discrimination claim under Title VII, we may apply the burden-shifting framework of *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). Under that framework, the plaintiff may first show that he belongs to a protected class, that he was qualified for the job, that he suffered an

adverse employment action, and that similarly situated employees outside of the protected class were treated differently. Next, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. Following that, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reason was pretextual. *Id.* In showing pretext, the plaintiff may rely on the same evidence he relied on in establishing his *prima facie* case. *Id.* at 1057. Here, only the existence of pretext is relevant because the district court assumed that Ogwo could satisfy the *prima facie* test. (Doc. 31 at 1–2).

We conclude that Ogwo's appeal fails for two reasons. First, we note that he waived his claim that the School Board's reason for terminating him pursuant to a reduction-in-force layoff while retaining an Hispanic PM II with less seniority was a pretext for race discrimination, when he failed to oppose summary judgment. *Access Now, Inc.*, 385 F.3d at 1331. Although Ogwo mentioned pretext in his initial and amended complaints, he did not characterize as a pretext the School Board's legitimate, nondiscriminatory reason for terminating him and retaining the Hispanic employee, once the summary judgment motion was pending.

Second, if we assume *arguendo* that the issue is preserved, we hold that the district court did not err by concluding that Ogwo failed to meet his burden to show that the School Board's reason for treating the Hispanic employee differently from him was a pretext for racial discrimination. *Holland*, 677 F.3d at 1055. The

4

School Board's articulated reason—that Ogwo and the Hispanic employee had different job functions, worked in different locations, and had different senior project managers with different capabilities for absorbing their workload—was a legitimate, non-discriminatory reason. *Id.*

Further, there was sufficient, undisputed evidence in the record to support the legitimacy of that reason. The School Board submitted affidavits from senior and human resources employees that illustrated that it retained the Hispanic PM II because he worked in a different functional area with senior project managers that could not continue effective operation if it eliminated any PM II positions. On the other hand, the record showed that Ogwo's functional area could sustain the elimination of two PM II positions, and that Ogwo's position was selected based on seniority. While Ogwo speculated in his deposition that he and the Hispanic PM II may have worked in the same location, mere speculation does not raise a factual dispute sufficient to survive summary judgment. *Anderson,* 477 U.S. at 252. Moreover, because Ogwo did not properly address the School Board's factual assertions regarding the Hispanic PM II's different function, location, and ability to be eliminated without disruption to continuing operations, the district court was allowed to consider those facts undisputed. Fed. R. Civ. P. 56(e). Because those facts supported the veracity of the School Board's articulated reason for retaining the Hispanic PM II while terminating Ogwo, the district court did not err in

5

granting summary judgment in the School Board's favor.  *Quigg*, 814 F.3d at 1235; *Holland*, 677 F.3d at 1055.  Accordingly, even if we review Ogwo's claim of error, we affirm.

    **AFFIRMED.**